IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| Daniel J. Edelman, Inc., d/b/a Edelman, | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) Judge |
| dna13, Inc., | ) Magistrate Judge |
| Defendant. | ) |

---

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

**NOW COMES** Plaintiff, Daniel J. Edelman, Inc. d/b/a Edelman ("Edelman"), and for its Complaint against Defendant dna13, Inc. ("dna13"), states as follows:

### OVERVIEW

1. Edelman entered into a Strategic Alliance and Distribution Agreement with dna13 on January 29, 2008 (the "Agreement") whereby dna13 would develop a computer software program (known as a dashboard) that would serve as a platform to enable Edelman and its clients throughout the world to efficiently access content distributed by third parties from computers (the "Vector" product). Once sufficiently developed, the parties expected to license Vector to Edelman clients. In addition to developing Vector, it was dna13's responsibility to, among other things: a) ensure that Vector was technologically capable and dna13 had sufficient technical infrastructure and other resources to support the global rollout of Vector; b) license certain content for Vector, which would be sub-licensed to Edelman; c) integrate that content into Vector at no cost to Edelman; d) migrate Edelman and Edelman client media contact data into Vector, or into a form whereby the data would be reasonably accessible through Vector; e)

provide support to Edelman and its clients who licensed Vector; and f) train Edelman employees in the use of Vector.

2. dna13, however, despite representations made to Edelman prior to execution of the Agreement, in the express terms of the Agreement and after execution of the Agreement, has failed to deliver on its responsibilities, including those set out in Paragraph 1 above. As a result, dna13 has not provided a Vector product which is capable of a global rollout to Edelman by which it can manage its clients' information throughout the world.

3. dna13 has agreed that the anticipated Vector product and relationship between the parties has not reached fruition and dna13 has proposed that Edelman terminate the Agreement and enter into a license agreement like all of its other corporate customers managing information about their own companies. But that was not the purpose of the Agreement. For these reasons, Edelman believes that the Agreement should be voided for mutual mistake, rescinded for commercial frustrations/failure of the essential purpose, and/or dna13 should be found to be in material breach of the Agreement. Accordingly, Edelman seeks a declaration that the Agreement is void *ab initio* for mutual mistake, rescinded for commercial frustration/failure of the essential purpose, or that dna13 has materially breached the Agreement and the breaches are incurable, thus that the Agreement is terminated effective immediately.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, Edelman, is a Delaware corporation with its principal place of business at 200 E. Randolph Drive, Chicago, Illinois, 60601. Edelman is one of the premier public relations firms in the country and throughout the world. Edelman has 51 offices in 26 countries.

5. dna13, Inc. is a Canadian company with its principal place of business at 283 Dalhousie Street, Ottawa, Ontario, Canada, K1N 7E5. dna13 is a developer of communications and stakeholder management software.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 (a)(2) because the Edelman is a U.S. citizen and dna13 is a citizen of Canada and the matter in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because dna13 does business in this jurisdiction and a substantial part of the events and/or admissions giving rise to this action occurred in this district; and 28 U.S.C. §1391(d) because dna13 is an alien.

## NATURE OF ACTION

8. This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201, breach of contract and tortious interference. Edelman seeks a declaration that because of the parties' mutual mistake the Agreement is void, because of the failure of the essential purpose of the Agreement, and/or commercial frustration the Agreement is voidable and may be rescinded by Edelman, and/or that dna13 has incurably breached the Agreement and, as such, Edelman is within its rights to terminate the Agreement immediately. Finally, Edelman seeks restitution and/or compensatory damages.

## COUNT I
### (Declaration that Agreement is Void for Mutual Mistake)

9. Edelman hereby incorporates by reference the allegations contained in paragraphs 1 through 8, as if fully stated herein.

10. Since the inception of the Vector project, dna13 knew that Edelman expected dna13 to have a centralized infrastructure which would be able to support the global rollout of Vector. dna13 continually represented that it would be able to meet Edelman's expectation.

11. In the Agreement, dna13 represented to Edelman, among other things, that:
a) Vector would be capable of performing for Edelman and its clients on global level, and that the goal of the Vector project was the rollout of Vector globally throughout Edelman's

operations in 26 countries in order to service Edelman clients; b) it would be responsible for the integration costs associated with certain content from Standard Content Providers (as that term is defined in the Agreement); and c) that it would be responsible for all costs associated with acquiring "Standard Content," with Edelman being responsible only for paying its *pro rata* share based upon is users of that content.

12. Since the inception of the Vector project, dna13 knew that Edelman expected Vector to be able to be scaled to a global rollout, effectively and promptly integrate search and retrieve Edelman and client media contact lists as these are crucial to the work of public relations professionals. dna13 continually represented that it would be able to meet Edelman's expectations.

13. Both parties were mistaken regarding dna13's abilities to achieve a global rollout of Vector, its responsibilities regarding third party content to incorporate into Vector and dna13's ability to meet its responsibilities as set forth above and otherwise in the Agreement. dna13 recently agreed that Vector could not be rolled out globally and that the parties should modify the Agreement so that Edelman would be like any other dna13 customer.

14. The parties' mutual mistakes related to material features of the Agreement.

15. The parties' mutual mistakes are of such grave consequence that enforcement of the Agreement under these circumstances would be unconscionable.

16. Edelman's mistakes occurred despite the exercise of reasonable care in that Edelman relied on dna13's representations in negotiating the Agreement, and as contained in the Agreement to its detriment.

17. dna13 can be placed in the status quo by termination of the Agreement and a refund of monies paid to dna13 by Edelman and the return of the parties' materials furnished under the Agreement.

18. Edelman, therefore, respectfully requests that this Court declare that the Agreement is void *ab initio* and that dna13 refund all sums of money paid by Edelman to dna13 under the Agreement and that both parties return to each other all materials furnished under the Agreement.

## COUNT II
### (Declaration that Agreement is Voidable for Commercial Frustration or Failure of the Essential Purpose)

19. Edelman hereby incorporates by reference the allegations contained in paragraphs 1 through 18, as if fully stated herein.

20. dna13's failure to develop the infrastructure, scalability, resources or functionality of Vector sufficient to support a global rollout to Edelman and its clients and its inability to migrate and integrate data are changes in circumstances which were unforeseen to the parties at the time the parties entered into the Agreement that render the Agreement unenforceable because Edelman's performance of its obligations of the Agreement are meaningless if dna13 cannot support the global rollout of Vector as set out in the Agreement and as recognized by dna13. Thus, the Agreement has failed of its essential purpose.

21. dna13's failure is materially different than what Edelman and dna13 could have reasonably contemplated when the Agreement was entered.

22. Edelman, therefore respectfully requests that this Court declare that the Agreement is voidable at Edelman's election, that Edelman may rescind the Agreement, that dna13 refund all sums of money paid by Edelman to dna13 under the Agreement and that both parties return to each other all materials furnished under the Agreement.

# COUNT III
## (Declaration that Contract may be Terminated Immediately for Incurable Breach)

23. Edelman hereby incorporates by reference the allegations contained in paragraphs 1 through 22, as if fully stated herein.

24. dna13 has materially breached the Agreement, because of among other things:

   a) Failure in the application architecture for Vector;

   b) Inability to provide a global platform for Vector;

   c) Failure to bear the costs of content integration;

   d.) Failure to provide Vector in multiple languages on a timely basis;

   e.) Failure to perform migration of data;

   f) Failure to meet the implementation schedule;

   g) Failure to provide or develop adequate network infrastructure;

   h) Failure to provide adequate technical resources;

   i) Failure to provide adequate user support;

   j) Failure to provide adequate user training;

   k) Repeated failures in performance of core product features and functionality;

   l) Holding itself out to third parties as Edelman's legal agent and entering into agreements with content providers purportedly on Edelman's behalf in violation of the Agreement;

   m) Marketing dna13 products and services to Edelman clients in violation of the Agreement;

   n) Purporting to represent Edelman in contract negotiations;

   o) Purporting to enter into contracts with third parties on Edelman's behalf;

p) Purporting to bind Edelman in contracts entered into with third parties;

q) Interfering with the relationship between Edelman and its clients; and

r) Using the EDELMAN service mark to market dna13's products and services without Edelman's prior permission.

25. The aforementioned acts constitute, in part, material breaches of the Agreement that are not curable.

26. Many of the aforementioned acts have caused irreparable harm to Edelman, its reputation and its relationships with its clients and third party content providers.

27. Edelman, therefore respectfully requests that this Court issue a declaratory judgment that, because of dna13's incurable breach, Edelman may terminate the Agreement immediately.

## COUNT IV
### (Breach of Contract)

28. Edelman hereby incorporates by reference the allegations contained in paragraphs 1 through 27, as if fully stated herein.

29. As a proximate result of dna13's material breach of the Agreement as alleged herein, Edelman has invested substantial sums of money, time and resources related to performance of the Agreement and lost various business opportunities, customers and revenues.

30. Edelman has in good faith materially performed its duties and obligations under the Agreement, and, as alleged above, has undertaken efforts as part of its good faith attempt to have Vector succeed under the Agreement.

31. Edelman, therefore, respectfully requests that this Court grant it monetary relief in the form of compensatory damages.

## COUNT V
### (Tortious Interference)

32. Edelman hereby incorporates by reference the allegations contained in paragraphs 1 through 31, as if fully stated herein.

33. Edelman has and maintains valid business relationships and contracts with its clients and third party content providers. Edelman also has a reasonable expectation that these relationships will continue and not be unjustifiably disrupted.

34. dna13 was and is aware of these business relationships and contracts and expressly agreed in the Agreement, not to solicit Edelman's clients without giving Edelman the opportunity to jointly market with dna13, and to in good faith, work cooperatively with Edelman in approaching Edelman's clients and to give Edelman an opportunity to review the business terms of any arrangement dna13 proposed to enter into with content providers to the extent such an agreement would impact on the terms of any sub-license Edelman might enter into with dna13 for accessing the content through Vector.

35. Notwithstanding its knowledge of the existence of these business relationships and contracts, dna13 intentionally and unjustifiably directly solicited Edelman's clients for the purchase dna13 products and/or services, in competition with Edelman, and has held itself out as Edelman's legal agent with content providers, thus disrupting Edelman's relationships with its clients and the existing and prospective relationship with content providers.

36. The aforementioned acts have caused irreparable harm to Edelman, its reputation and its relationships with its clients and third party content providers, as well as a risk of continuing economic injury, and damage to Edelman's good will and business reputation.

37. Wherefore, Edelman respectfully requests that this Court grant Edelman an award of damages associated with dna13's tortious interference with its existing and potential contractual relationships with its clients and content providers.

### **Prayer for Relief**

WHEREFORE, Edelman prays for an order:

a) Declaring that the Agreement is, either: a) void for the parties' mutual mistake; b) voidable and rescinded as a result of the failure of the essential purpose of the Agreement or commercial frustration; or c) terminated as a result of dna13's incurable breaches;

b) Awarding Edelman $882,387.00, representing the amount previously paid to dna13 by Edelman;

c) Requiring both parties return to each other all materials furnished under the Agreement;

d) Awarding compensatory damages in an amount in excess of $75,000.00 and sufficient to compensate Edelman for the damages incurred as a result of dna13's actions as alleged herein; and

e) Awarding such further relief as this Court deems necessary and just.

Dated: December 15, 2008

SEYFARTH SHAW LLP

By: /s/
One of the Attorneys for the Plaintiff
DANIEL J. EDELMAN, INC.

Bart A. Lazar, Esq.
**SEYFARTH SHAW LLP**
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Attorneys for Plaintiff
Daniel J. Edelman, Inc.